IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANDREA M. STAPLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-CV-04108-DGK-SSA |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Andrea Stapleton's application for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including degenerative joint disease, degenerative disc disease, carpal tunnel syndrome, seizures, major depressive disorder, generalized anxiety disorder, paranoid schizophrenia, and posttraumatic stress disorder, but she retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions, including work as an optical goods assembler, a circuit board touch-up worker, and a packager machine tender.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on April 18, 2019, alleging a disability onset date of August 1, 2012.  The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing and, on November 17, 2020, the ALJ issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on May 4, 2021, leaving the ALJ's decision as the Commissioner's final decision.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors.  *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close.").  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges only one of the ALJ's actions at Step Four. Plaintiff argues that the ALJ erroneously discounted the opinion of Plaintiff's treating psychiatrist, Dr. Timothy Woodward. More specifically, Plaintiff contends that the ALJ discounted the opinion despite it being supported by Dr. Woodward's treatment notes and consistent with the record evidence.

The ALJ did not err in finding Dr. Woodward's opinion unpersuasive. As an initial matter, the ALJ properly discounted the opinion since it consisted mostly of a check box form with little to no explanation or citation to supporting evidence. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) ("[T]he ALJ properly discounted Dr. Burstain's opinion because it was conclusory. The opinion consists of three checklist forms, cites no medical evidence, and provides little to no elaboration."); *see also Kraus v. Saul*, 988 F.3d 1019, 1025 (8th Cir. 2021). Furthermore, substantial evidence supports the ALJ's decision to discount the opinion for lack of support and consistency. Dr. Woodward's opinion, which found near debilitating psychological and neurological limitations, is inconsistent with substantial record evidence showing that Plaintiff exhibited a normal or appropriate mood and affect, normal speech, logical and goal-directed

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

thought process, fair insight, fair or normal judgment, normal or good attention and concentration, adequate motivation, and a cooperative attitude. R. at 431, 448, 449, 461, 462, 474, 538, 541, 655, 579, 603, 609, 651, 657, 669, 671, 679, 705, 715, 771. His opinion is further arguably unsupported by his own treatment notes wherein he at times noted fair insight and judgment, appropriate affect, normal speech, and that medications improved her conditions at times. R. at 553, 555–56, 668–69, 672.

To be sure, Plaintiff cites some evidence which could support a different treatment of Dr. Woodward's opinion. "But the fact that some evidence supports a different conclusion does not allow a court to reverse the ALJ's decision." *Mize v. Kijakazi*, No. 3:20-CV-05054-DGK-SSA, 2021 WL 5851444, at *2 (W.D. Mo. Dec. 9, 2021) (citing *Swing v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019)). And although Plaintiff essentially invites this Court to reweigh the evidence presented to the ALJ, that is not the Court's role. *Id.* (citing *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016)). At bottom, the ALJ's treatment of Dr. Woodward's opinion was well within the "zone of choice." *Kraus*, 988 F.3d at 1024; *Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 8, 2022                                   /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT